# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH SCOTT, | ) | |
|         Petitioner, | ) | |
| vs. | ) | No. 2:16-cv-372-WTL-MJD |
| | ) | |
| S. JULIAN, Warden, | ) | |
|         Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The Attorney General is responsible for calculating a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, for offenses committed after November 1, 1987. 18 U.S.C. § 3585; 28 C.F.R. § 0.96; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). An inmate may challenge the BOP's computation of his sentence pursuant to 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), *cert. denied*, 549 U.S. 1152 (2007) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241"). The petitioner in this action presents such a challenge.

The petitioner was convicted and sentenced in No. 1:01-cr-00633-1 in the Northern District of Illinois following his plea of guilty to wire fraud (hereafter "the federal criminal case"). The executed sentence is 57 months (hereafter "the federal sentence"). Following imposition of the federal sentence, the petitioner was convicted in an Illinois state court of attempted armed robbery

and sentenced to 28 years' imprisonment. The petitioner alleges in the present action that the federal court did not specify whether the federal sentence was to be served concurrent with any yet unimposed state court sentence but that the Illinois state courts subsequently ordered the sentence it was imposing to be served concurrent with the federal sentence in No. 1:01-cr-00633-1. He claims that despite these circumstances the BOP has not computed the federal sentence as running concurrent with the state court sentence. He emphasizes that in the federal criminal case Judge Gettleman twice refused to direct that the federal sentence run consecutive to any future state sentence. He infers from that refusal the sentencing judge's intent that the federal sentence run concurrent with any future state sentence. This inference, however, is unwarranted here.

There are three considerations here. The *first* is that "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, 337 (1992). The *second* is that a state court cannot unilaterally impose a concurrent sentence to a federal sentence. *United States v. Hayes,* 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence" because "the federal sentence would not run so long as the defendant remained in state custody"); *United States v. Eccleston,* 521 F.3d 1249, 1254 (10th Cir. 2008)(stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction' ") (quoting *Bloomgren v. Belaski,* 948 F.2d 688, 691 (10th Cir. 1991)). And the *third* comes from taking note through PACER records that the sentencing judge in the federal action recently caused the following communication to be docketed:



**United States District Court**
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

FILED
MAR 22 2016
Judge Robert W. Gettleman
United States District Court
(312) 435-5543

Chambers of
Robert W. Gettleman
Judge

March 22, 2016

Jose A. Santana
Chief, Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

Re:   Scott, Kenneth
      Register Number: 13783-424
      Case Number: 01 CR 633-1

Dear Mr. Santana:

In response to your letter of January 22, 2016, I have reviewed the file in this case and held several hearings with counsel for the parties, and have concluded that the term of imprisonment imposed by this court of 57 months was intended to run consecutive to the state term.

Please let me know if you need any further information.

Very truly yours,

Robert W. Gettleman
United States District Judge

RWG:mjg

cc:   Nicholas Eichenseer, AUSA
      James Tunick

In further relation to the third factor just noted, a docket entry in the federal criminal case for September 22, 2009 denied the petitioner's motion for a nunc pro tunc designation. The sentencing court explains: "More importantly, this court would not impose a concurrent sentence for the serious federal criminal conduct to which defendant pled guilty (which he claims would have been served by now) because he has never yet been in federal custody for that conduct, which is entirely separate from the criminal conduct underlying his state sentence. Were the court to impose a concurrent sentence, defendant would in effect receive no incarceration for his federal offense. The court declines to do so." The docket of the federal criminal case does not show that the foregoing ruling was appealed, although any contention that the actual language of the sentencing hearing was not properly conveyed in the written Judgment could have been presented on appeal.

Scott has misunderstood the intent of the trial court in imposing sentence in the federal criminal case and the BOP has no obligation to make a *nunc pro tunc* designation contrary to that intent. The Seventh Circuit has likewise made clear that 18 U.S.C. § 3585(b) forbids the Bureau of Prisons from giving prior custody credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

As explained above, therefore, the petitioner has failed to show that the BOP has miscalculated the federal sentence or has improperly denied him credit toward that sentence. *See, e.g., Matthews v. Hollingsworth*, 2011 WL 2534017, at *4 (S.D.Ill. June 27, 2011) ("Once the state sentence began accruing credit towards petitioner's incarceration, the [BOP] properly refused to credit petitioner's federal sentence for the same time. Accordingly, he has likewise failed to show that he is entitled to habeas corpus relief and his petition for a writ of habeas corpus must be **denied.**

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/18/2017

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH SCOTT
13783-424
TUCSON - FCI
TUSCON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 23811
TUCSON, AZ 85734

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov